# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MISSOURI
### Office of the Clerk

**Patricia L. Brune**
Clerk of Court

Reply To:
(x) Suite 1510, 400 East 9th St., Kansas City, MO 64106
( ) Room 305 U.S. Courthouse, Springfield, MO 65801
( ) Room 310 U.S. Courthouse, Jefferson City, MO 65101

October 16, 2007

*CR 07-593 CRB*

Northern District of California

Phillip Burton United States
Courthouse, 16th Floor
450 Golden Gate Avenue
San Francisco, CA 94102-3434

**FILED**
OCT 23 2007
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

In Re: USA v. Kyle D. Houston
No.
No. 00-00301-04-CR-W-HFS

Dear Madam:

Enclosed you will find attested/ certified copies of the following for the transfer of Probation Jurisdiction:

1. Judgment and Commitment
2. Indictment
3. Docket Sheet
4. Form of Probation 22.

Please sign the copy of this letter and return to the Western District of Missouri Clerk's Office.

Thank you,
P.L. Brune, Clerk

By: /s/ Melanie Beard
Melanie Beard, Deputy Clerk

Northern District of California _____

| PROB 22<br>(Rev. 2/88) | | DOCKET NUMBER (Tran. Court)<br>00-00301-04-CR-W-6 |
|---|---|---|
| **TRANSFER OF JURISDICTION** | | DOCKET NUMBER (Rec. Court)<br>#593 |

| NAME AND ADDRESS OF PROBATIONER/SUPERVISED RELEASEE<br>Kyle D. Houston | DISTRICT<br>Western Missouri | DIVISION<br>Western | CRB |
|---|---|---|---|
| | NAME OF SENTENCING JUDGE<br>The Honorable Howard F. Sachs | | |
| | DATES OF PROBATION /SUPERVISED RELEASE: | FROM<br>06/03/05 | TO<br>06/02/08 |

**OFFENSE**

Conspiracy to Manufacture and Distribute 100 Grams or More of Methamphetamine
21 U.S.C. 841 (a)(1) and (b)(1)(A) and 846 (Class A felony)

---

**PART 1 - ORDER TRANSFERRING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI

IT IS HEREBY ORDERED that pursuant to 18 U.S.C. 3605 the jurisdiction of the probationer or supervised releasee named above be transferred with the records of the Court to the United States District Court for the **NORTHERN DISTRICT OF CALIFORNIA** upon that Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this Court.*

8/14/07
Date

_Howard F. Sachs_
Howard F. Sachs, Senior U.S. District Judge

*This sentence may be deleted in the discretion of the transferring Court.

---

**PART 2 - ORDER ACCEPTING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE **NORTHERN DISTRICT OF CALIFORNIA**

IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

8-22-07
Effective Date

_Charles R. Breyer_
United States District Judge

# U.S. District Court
## United States District Court for the Western District of Missouri (Kansas City)
### CRIMINAL DOCKET FOR CASE #: 4:00-cr-00301-HFS-4

Case title: USA v. Nichols, et al

Date Filed: 08/01/2000
Date Terminated: 12/10/2002

Assigned to: Judge Howard F. Sachs

**Defendant**

**Kyle D. Houston** (4)
*TERMINATED: 12/10/2002*

represented by **Elizabeth Unger Carlyle**
PO Box 962
Columbus, MS 39703
(816)525-6540
Fax: (866)764-1249
Email: elizcar@bellsouth.net
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Jonathan Louis Laurans**
819 Walnut St
Kansas City, MO 64106
816-421-5200
Fax: 913-384-5099
Email: jlaurans@msn.com
*TERMINATED: 01/03/2001*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

**Lance David Sandage**
The Sandage Law Firm, PC
4700 Belleview Avenue
Suite 404
Kansas City, MO 64112
(816) 753-0800
Fax: (816) 531-3939
Email: lance@sandagelaw.com
*TERMINATED: 09/12/2002*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

**Pending Counts**

**Disposition**

Date of imposition of sentence was November 7, 2002. The defendant

ECF DOCUMENT
I hereby attest and certify this is a printed copy of a document which was electronically filed with the United States District Court for the Western District of Missouri.
Date filed: 10/16/07
P.L. BRUNE, CLERK
By: Melanie Beard, Deputy Clerk

| | |
|---|---|
| 21:846=CM.F CONSPIRACY TO MANUFACTURE CONTROLLED SUBSTANCE<br>(1) | pleaded guilty to Count 1 of the Indictment on January 31, 2001. IMPRISONMENT: The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 36 months. The Court recommends to the Bureau of Prisons that the defendant be designated to a federal correctional facility in Miami, Florida, or Eglin, Florida. The defendant shall surrender to the institution designated for incarceration on January 13, 2003. (Originally set for surrender on December 12, 2002, but Order filed on December 9, 2002, reset the surrender date to January 13, 2003.) SUPERVISED RELEASE: Upon release from imprisonment, the defendant shall be on supervised release for a term of five years. Standard and special conditions of supervision are requested. CRIMINAL MONETARY PENALTIES: MSA $100 |

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
|---|---|
| None | |

**Highest Offense Level (Terminated)**

None

| **Complaints** | **Disposition** |
|---|---|
| None | |

---

**Miscellaneous**

**CJA Clerk**
*TERMINATED: 12/11/2002*

---

**Plaintiff**

USA                              represented by **Jeffrey E. Valenti**

United States Attorney's Office
400 E. 9th Street
5th Floor
Kansas City, MO 64106
(816)426-4262
Fax: (816)426-4328
Email: jeff.valenti@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 08/01/2000 | 1 | INDICTMENT assigned to Judge Howard F. Sachs Counts filed against James A. Nichols (1) count(s) 1, 2, Steven E. Sabol (2) count(s) 1, 2, Dianna L. Martin (3) count(s) 1, 2, Kyle D. Houston (4) count(s) 1, 2 (Michelle Kendall) (Entered: 08/03/2000) |
| 08/01/2000 | 5 | Arrest Warrant issued for Kyle D. Houston by Judge Howard F. Sachs (Michelle Kendall) (Entered: 08/03/2000) |
| 09/08/2000 | 17 | ORDER by Judge Howard F. Sachs referring motions to Magistrate Sarah W. Hays (Steve Navarro) (Entered: 09/08/2000) |
| 09/11/2000 | 22 | MOTION by USA for writ of habeas corpus ad prosequendum as to Kyle D. Houston (Georgia Kee) (Entered: 09/11/2000) |
| 09/11/2000 | 23 | ORDER by Magistrate Sarah W. Hays granting govt's motion for writ of habeas corpus ad prosequendum to produce one Kyle D. Houston [22-1] as to Kyle D. Houston (cc:all counsel) (Georgia Kee) (Entered: 09/11/2000) |
| 10/05/2000 | 29 | AFFIDAVIT of Financial Status by defendant Kyle D. Houston (Steve Navarro) (Entered: 10/10/2000) |
| 10/06/2000 | 30 | MOTION by USA for Pretrial Detention hearing as to Kyle D. Houston (Steve Navarro) (Entered: 10/10/2000) |
| 10/06/2000 | 31 | MOTION by USA to continue Pretrial detention hearing as to Kyle D. Houston (Steve Navarro) (Entered: 10/10/2000) |
| 10/06/2000 | 36 | CJA Form 20 Copy 4 (Appt of Counsel) as to defendant Kyle D. Houston appointing Jonathan L. Laurans (Steve Navarro) (Entered: 10/20/2000) |
| 10/10/2000 | 28 | MINUTE ENTRY of Firsta Appearance; Bail not set; Government orally moves to detain dft; Dft is not elegible for release on bond at this time. Once the dft's status changes, a detention hearing will be set; CJA Appointment of Jonathan Laurans as to defendant Kyle D. Houston Magistrate Sarah W. Hays presiding first appearance of Kyle D. Houston Court Reporter: JoRita Gicinto (Steve Navarro) (Entered: 10/10/2000) |
| 10/12/2000 | 34 | MINUTE ENTRY of First Appearance and Omnibus Hearing; Omnibus hearing held, Dft ordered back to the custody of the U.S. Marshal and report filed as to defendant Kyle D. Houston Magistrate Sarah W. Hays |

| | | |
|---|---|---|
| | | presiding dft Kyle D. Houston arraigned; Atty Jonathan L. Laurans present; , accelerated docket set for 11/27/00 Court Reporter: JoRita Gicinto (Steve Navarro) (Entered: 10/16/2000) |
| 10/12/2000 | 35 | OMNIBUS hearing report for defendant Kyle D. Houston (Steve Navarro) (Entered: 10/16/2000) |
| 10/23/2000 | 37 | ORDER by Judge Howard F. Sachs granting motion to continue trial setting [26-1] accelerated docket reset for 11/27/00 as to James A. Nichols, Steven E. Sabol, Dianna L. Martin, Kyle D. Houston (cc:all counsel) (Steve Navarro) (Entered: 10/24/2000) |
| 10/26/2000 | 38 | NOTICE of pretrial conference as to defendant Steven E. Sabol, defendant Dianna L. Martin, defendant Kyle D. Houston . Pretrial conference set for 11:20am on 11/14/00 for Steven E. Sabol, for Dianna L. Martin, for Kyle D. Houston as ordered by Magistrate Sarah W. Hays (Georgia Kee) (Entered: 10/26/2000) |
| 11/02/2000 | 41 | MOTION by Kyle D. Houston to continue trial setting , and to extend time for filing discovery disclosure and motions (Georgia Kee) (Entered: 11/03/2000) |
| 11/20/2000 | 43 | ORDER by Judge Howard F. Sachs granting dft Houston's motion to continue trial setting [41-1] accelerated docket set for 1/8/2001 as to Steven E. Sabol, Dianna L. Martin, Kyle D. Houston (cc:all counsel) (Georgia Kee) (Entered: 11/22/2000) |
| 11/20/2000 | 45 | ORDER by Judge Howard F. Sachs referring motions to Magistrate Sarah W. Hays (Steve Navarro) (Entered: 11/24/2000) |
| 12/05/2000 | 55 | NOTICE of pretrial conference as to defendant James A. Nichols, defendant Steven E. Sabol, defendant Kyle D. Houston . Pretrial conference set for 10:20 a.m., 12/19/00 for James A. Nichols, for Steven E. Sabol, for Kyle D. Houston as ordered by Magistrate Sarah W. Hays (Steve Navarro) (Entered: 12/06/2000) |
| 01/02/2001 | 62 | MOTION by Kyle D. Houston to withdraw attorney Jonathan Laurans as counsel for the dft (Susan Larson) (Entered: 01/02/2001) |
| 01/02/2001 | 63 | MOTION by Kyle D. Houston to continue (Susan Larson) (Entered: 01/02/2001) |
| 01/03/2001 | 64 | MINUTE ENTRY:Motion for permission to withdraw as to defendant Kyle D. Houston Magistrate Sarah W. Hays presiding; All parties present; granting counsel for dft motion to withdraw attorney Jonathan Laurans as counsel for the dft [62-1]; Court will appoint new counsel; a motion for continuance was filed; attorney Jonathan L. Laurans for Kyle D. Houston Court Reporter: JoRita Gicinto (Georgia Kee) (Entered: 01/03/2001) |
| 01/03/2001 | 65 | ORDER by Magistrate Sarah W. Hays withdrawing attorney Jonathan Laurans and appointing Lance Sandage as counsel under CJA, for all further proceedings as to Kyle D. Houston (cc:all counsel) (Georgia Kee) (Entered: 01/03/2001) |

| | | |
|---|---|---|
| 01/03/2001 | 66 | ORDER by Judge Howard F. Sachs granting dft's motion to continue [63-1] accelerated docket set for 2/12/01 as to Kyle D. Houston (cc:all counsel) (Georgia Kee) (Entered: 01/03/2001) |
| 01/03/2001 | 67 | CJA Form 20 Copy 4 (Appt of Counsel) as to defendant Kyle D. Houston appointing Lance Sandage (Georgia Kee) (Entered: 01/05/2001) |
| 01/11/2001 | 69 | CJA Form 20 (Attorney Payment Voucher) for payment to Jonathan L. Laurans in the amount of $1,056.01 for representation of Kyle D. Houston (April Mason) (Entered: 01/17/2001) |
| 01/17/2001 | 70 | NOTICE of pretrial conference as to defendant Kyle D. Houston . Pretrial conference set for 9:40am on 1/31/01 for Kyle D. Houston as ordered by Magistrate Sarah W. Hays (Georgia Kee) (Entered: 01/18/2001) |
| 01/31/2001 | 71 | MINUTE ENTRY of Change of Plea from not guilty to guilty to Count 1 of the Indictment; Plea Agreement filed, Court accepts conditional Plea Agreement; Court orders PSI; Dft remenaded to custody as to defendant Kyle D. Houston Judge Howard F. Sachs presiding Court Reporter: John Bowen (Steve Navarro) (Entered: 01/31/2001) |
| 01/31/2001 | 72 | PLEA Agreement as to Kyle D. Houston (Steve Navarro) (Entered: 01/31/2001) |
| 03/29/2002 | 79 | MOTION by Kyle D. Houston FILED UNDER SEAL PER ORDER OF THE COURT (Robin Jones) (Entered: 04/01/2002) |
| 04/01/2002 | 80 | ORDER (FILED UNDER SEAL) by Magistrate Sarah W. Hays as to Kyle D. Houston (cc:all counsel) (Robin Jones) (Entered: 04/01/2002) |
| 04/04/2002 | 81 | MOTION by Kyle D. Houston to substitute attorney (Robin Jones) (Entered: 04/05/2002) |
| 08/21/2002 | | DEFENDANT Kyle D. Houston arrested on 8/21/02 (Robin Jones) (Entered: 08/30/2002) |
| 08/23/2002 | 83 | RETURN OF SERVICE as to defendant Kyle D. Houston of Writ of Habeas Corpus ad Prosequendum; Received full custody from detainer on 8/21/02 (Robin Jones) (Entered: 08/26/2002) |
| 08/29/2002 | 84 | MOTION by Kyle D. Houston to reopen detention hearing and suggestions in support (Robin Jones) (Entered: 08/29/2002) |
| 08/29/2002 | 85 | Arrest Warrant returned executed as to Kyle D. Houston 8/21/02 (Robin Jones) (Entered: 08/30/2002) |
| 09/11/2002 | 87 | MINUTE ENTRY as to defendant Kyle D. Houston Magistrate Sarah W. Hays presiding in-court hearing on Motion to Reopen Dentention Hearing set for 9/11/02 @ 2:35pm in-court hearing on Motion to Reopen Dentention Hearing was held 9/11/02. Court advises the parties that input from Judge Sachs is needed before a ruling can be made. The matter is taken under advisement and written order will be issued later this week. Court Reporter: Bonnie Rowland (Melanie Beard) (Entered: 09/12/2002) |
| 09/12/2002 | 86 | ORDER by Judge Howard F. Sachs granting motion to substitute |

| | | |
|---|---|---|
| | | attorney [81-1] attorney Lance D. Sandage for Kyle D. Houston Elizabeth Carlyle substituted as to Kyle D. Houston (cc:all counsel) (Robin Jones) (Entered: 09/12/2002) |
| 09/18/2002 | 88 | MOTION by Kyle D. Houston to revoke detention order (Robin Jones) (Entered: 09/19/2002) |
| 09/23/2002 | 89 | TRANSCRIPT of Hearing on Motion to Reopen Detention held on September 11, 2002 before Magistrate Sarah W. Hays as to defendant Kyle D. Houston (Robin Jones) (Entered: 09/23/2002) |
| 09/25/2002 | 90 | ORDER of Detention of Kyle D. Houston pending Trial by Magistrate Sarah W. Hays (Robin Jones) (Entered: 09/25/2002) |
| 11/06/2002 | 91 | SENTENCING memorandum as to Kyle D. Houston filed by Kyle D. Houston (Cassaundra Honeycutt) (Entered: 11/07/2002) |
| 11/07/2002 | 92 | MOTION by USA to depart downward as to Kyle D. Houston (Cassaundra Honeycutt) (Entered: 11/07/2002) |
| 11/07/2002 | 102 | Minute Entry for proceedings held before Judge Howard F. Sachs :SENTENCING held on November 7, 2002, for Kyle D. Houston (4), Count 1. The defendant pleaded guilty to Count 1 of the Indictment on January 31, 2001. IMPRISONMENT: The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 36 months. The Court recommends to the Bureau of Prisons that the defendant be designated to a federal correctional facility in Miami, Florida, or Eglin, Florida. The defendant shall surrender to the institution designated for incarceration on January 13, 2003. (Originally set for surrender on December 12, 2002, but Order filed on December 9, 2002, reset the surrender date to January 13, 2003.) SUPERVISED RELEASE: Upon release from imprisonment, the defendant shall be on supervised release for a term of five years. Standard and special conditions of supervision are requested. CRIMINAL MONETARY PENALTIES: $100 MSA. (Court Reporter Donna Turner.) (Jones, Robin) Modified on 12/12/2002 to correct date of filing (Jones, Robin). (Entered: 12/12/2002) |
| 11/12/2002 | 94 | Minute Entry for proceedings held before Judge Sarah W. Hays :BOND HEARING as to Kyle D. Houston held on 11/08/2002 Defendant is released on bond. Bond set a $25,000.00 unsecured (Court Reporter Dorothy Cavallo.) (Gicinto, JoRita) (Entered: 11/12/2002) |
| 11/12/2002 | 95 | UNSECURED BOND ENTERED as to Kyle D. Houston in amount of $ $25,000.00,and Order of Conditions of Release read to defendant and signed by the defendant. This is a text entry only - the document contains original signatures of non attorneys and is being maintained in a paper file at the court. (Gicinto, JoRita) (Entered: 11/12/2002) |
| 11/12/2002 | 96 | ORDER setting conditions of release as to Kyle D. Houston (4) $25,000.00. This is a text entry only - the document contains original signatures of non attorneys and is being maintained in a paper file at the court.. Signed by Judge Sarah W. Hays on November 8, 2002. (Gicinto, |

| | | |
|---|---|---|
| | | JoRita) (Entered: 11/12/2002) |
| 11/27/2002 | ●99 | MOTION for extension of time to file *report to institution* by Kyle D. Houston. Suggestions in opposition/response due by 12/12/2002 (Carlyle, Elizabeth) (Entered: 11/27/2002) |
| 12/09/2002 | ●101 | ORDER signed by Judge Howard F. Sachs on 12/9/2002. Defendant is granted an extension of time to 1/13/2003 in which to voluntarily surrender to the instituiton designated for incarceration. (Moritz, Julie) (Entered: 12/09/2002) |
| 12/10/2002 | ●103 | JUDGMENT and COMMITMENT as to Kyle Houston. Signed by Judge Howard F. Sachs on December 10, 2002. (Jones, Robin) Modified on 12/12/2002 to add defendant's name to text (Jones, Robin). (Entered: 12/12/2002) |
| 12/12/2002 | ● | ***Remark as to Kyle D. Houston : Count two was deleted from Kyle D. Houston as he was not charged with the count on the Indictment. (Jones, Robin) (Entered: 12/12/2002) |
| 01/23/2003 | ●109 | JUDGMENT RETURNED executed as to Kyle D. Houston on 1/13/03. (Beard, Melanie) (Entered: 01/24/2003) |
| 10/03/2007 | ●113 | PROBATION JURISDICTION transferred to Northen District of CA as to Kyle D. Houston Transmitted Transfer of Jurisdiction form, with certified copies of indictment, judgment and docket sheet. (Beard, Melanie) (Entered: 10/16/2007) |

# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

UNITED STATES OF AMERICA

-vs-

KYLE D. HOUSTON

ORIGINAL
RETURN TO
U.S. MARSHAL
K.C., MO

00-00301-04-CR-W-HFS

FILED JAN 23 2003

Elizabeth Unger Carlyle,

## JUDGMENT IN A CRIMINAL CASE
### (For Offenses Committed On or After November 1, 1987)

The defendant pleaded guilty to Count 1 of the Indictment on 01/31/2001. Accordingly, the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21 U.S.C. 841(a)(1) | Conspiracy to manufacture and distribute 100 grams or more of methamphetamine | 08/11/1998 | 1 |

The defendant is sentenced as provided in the following pages of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

**IT IS ORDERED** that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

Defendant's Soc. Sec. No.: 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
Defendant's Date of Birth: 07/07/1970
Deft's U.S. Marshal No.: 13698-045

Date of Imposition of Sentence: 11/07/2002

Defendant's Mailing Address:
6940 Cape Hatteras Way NE, Unit 2
St. Petersburg, FL 33702

Defendant's Residence Address:
6940 Cap Hatteras Way NE, Unit 2
St. Petersburg, FL 33702

ECF DOCUMENT
I hereby attest and certify this is a printed copy of a document which was electronically filed with the United States District Court for the Western District of Missouri.
Date Filed: 12-10-02
P.L. BRUNE, CLERK
_____, Deputy Clerk

/s/Howard F. Sachs
HOWARD F. SACHS
SENIOR UNITED STATES DISTRICT JUDGE

December 10, 2002

#109

AO 245B (Rev. 3/01) Judgment in a Criminal Case

KYLE D. HOUSTON                                                   Page 2 of 6
00-00301-04-CR-W-HFS

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **36 Months.**
The Court recommends to the Bureau of Prisons:

> The court recommends that defendant be designated to a federal correctional facility in Miami, Florida, or Eglin, Florida.

The defendant shall surrender to the institution designated for incarceration on January 13, 2003.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on __1-13-03__ to __BOP FCI Miami__
at __Miami FL__, with a certified copy of this judgment.

                                                 Ed Gonzalez, Warden
                                                 ~~UNITED STATES MARSHAL~~

                                                 By: Tina Nolan, Lt
                                                     ~~Deputy U.S. Marshal~~

AO 245B (Rev. 3/01) Judgment in a Criminal Case

KYLE D. HOUSTON  
00-00301-04-CR-W-HFS

Page 3 of 6

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term **5 Years.**

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter.

The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervision that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervision in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1. The defendant shall not leave the judicial district without the permission of the court or probation officer;

2. The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4. The defendant shall support his or her dependents and meet other family responsibilities;

5. The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6. The defendant shall notify the probation officer **at least ten (10) days prior** to any change in residence or employment;

7. The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9. The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

AO 245B (Rev. 3/01) Judgment in a Criminal Case

KYLE D. HOUSTON  
00-00301-04-CR-W-HFS

Page 4 of 6

11. The defendant shall notify the probation officer within **seventy-two (72) hours** of being arrested or questioned by a law enforcement officer;

12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

### SPECIAL CONDITIONS OF SUPERVISION

1. Defendant shall personally report to the Probation Office within 72 hours of release.

2. Defendant shall successfully participate in any substance abuse counseling program, which may include chemical or Breathalyzer testing, as directed by the Probation Office, and pay any associated costs, as directed by the Probation Office.

3. Defendant shall submit his person, residence, office or vehicle to a search, conducted by a United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

AO 245B (Rev. 3/01) Judgment in a Criminal Case

KYLE D. HOUSTON                                                                    Page 5 of 6
00-00301-04-CR-W-HFS

# ACKNOWLEDGMENT OF CONDITIONS

I have read or have read the conditions of supervision set forth in this judgment and I fully understand them. I have been provided a copy of them.

I understand that upon finding of a violation of probation or supervised release, the Court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

_____         _____
Defendant                                                        Date


_____         _____
United States Probation Officer                        Date

AO 245B (Rev. 3/01) Judgment in a Criminal Case

KYLE D. HOUSTON                                                                                          Page 6 of 6
00-00301-04-CR-W-HFS

# CRIMINAL MONETARY PENALTIES

    The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in the Schedule of Payments. The assessment shall be paid in full immediately.

| Total Assessment | Total Fine | Total Restitution |
|---|---|---|
| $100.00 | $ | $ |

    The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on the Schedule of Payments may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

AO 245B (Rev. 3/01) Judgment in a Criminal Case

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. 00-00301-01/04-CR-W-6 |
| ) | |
| Plaintiff, ) | COUNT ONE: All Defendants |
| ) | 21 U.S.C. § 846 |
| v. ) | NLT 10 Years; NMT Life Imprisonment |
| ) | NMT $4,000,000 Fine |
| JAMES A. NICHOLS, ) | Supervised Release: NLT 5 Years |
| [DOB: 06/30/68] ) | Class A Felony |
| ) | |
| STEVEN E. SABOL, ) | COUNT TWO: Defendants Nichols and |
| [DOB: 06/16/72] ) | Martin |
| ) | 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) |
| DIANNA L. MARTIN, ) | NLT 10 Years; NMT Life Imprisonment |
| [DOB: 12/04/47] ) | NMT $4,000,000 Fine |
| ) | Supervised Release: NLT 5 Years |
| and ) | Class A Felony |
| ) | |
| KYLE D. HOUSTON, ) | |
| [DOB: 07/07/70] ) | |
| ) | $100 Mandatory Special Assessment for each |
| Defendants. ) | count |

INDICTMENT

THE GRAND JURY CHARGES:

COUNT ONE

That between on or about March 1, 1998, and August 11, 1998, said dates being approximate, in the Western District of Missouri and elsewhere, JAMES A. NICHOLS, STEVEN E. SABOL, DIANNA L. MARTIN, and KYLE D. HOUSTON, defendants herein, did knowingly and intentionally combine, conspire, confederate and agree with each other and others, both known and unknown to the grand jury, to manufacture and distribute methamphetamine, a Schedule II controlled substance, in an amount of one hundred (100) grams or more, contrary to

DOCUMENT ___1___

the provisions of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A); all in violation of Title 21, United States Code, Section 846.

## COUNT TWO

That on or about August 11, 1998, in the Western District of Missouri, JAMES A. NICHOLS and DIANNA L. MARTIN, defendants herein, aiding and abetting each other, did knowingly and intentionally attempt to manufacture methamphetamine, a Schedule II controlled substance, in an amount of one hundred (100) grams or more, contrary to the provisions of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A); all in violation of Title 21, United States Code, Section 846 and Title 18, United States Code, Section 2.

A TRUE BILL.

_Lynda O. Armstrong_
FOREPERSON OF THE GRAND JURY

Jeffr[...] #13[...]
[...] States Attorney

Dated: 8/1/2000
Kansas City, Missouri